Filed 4/12/16  P. v. Rush CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063784 |
| v. | (Super.Ct.No. SWF1102460) |
| ROBERT PATRICK RUSH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Reversed with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Annie Fraser, and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

1

After pleading guilty to 14 crimes, defendant and appellant Robert Patrick Rush filed a petition for resentencing under Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47). Although the petition sought resentencing only on a count of methamphetamine possession (Health & Saf. Code, § 11377, subd. (a)), the trial court denied his petition on the ground that none of the crimes to which petitioner pled guilty qualified for resentencing under Proposition 47. Defendant now appeals the denial of his resentencing petition. The People concede the trial court erred in finding the count for methamphetamine possession was not eligible for resentencing but ask us to remand the matter for a determination of whether defendant meets other criteria for resentencing. Defendant does not oppose this procedure. We therefore reverse and remand for a new hearing on defendant's eligibility for resentencing under Proposition 47.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with 14 separate counts, some felonies and some misdemeanors. On January 30, 2013, defendant pled guilty to each of these counts. The trial court sentenced him to nine years in state prison.

Defendant filed a petition for resentencing under Proposition 47 on December 23, 2014. The People filed responses indicating that defendant was not eligible for resentencing on his other felony counts, but that he was eligible for resentencing on the methamphetamine possession count. With respect to that count, it waived presence at the resentencing hearing and agreed that resentencing may occur. On April 24, 2015, the

2

trial court denied the resentencing petition, indicating, "None of defendant's convicted counts 1-14 are qualifying felonies."

ANALYSIS

Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of that statute reads: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." However, resentencing is not available to defendants "who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [Penal Code] Section 667 or for an offense requiring registration pursuant to subdivision (c) of [Penal Code] Section 290." (Pen. Code, § 1170.18, subd. (i).)

The People concede that defendant's conviction for possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) is eligible for resentencing. We agree, since that statute is expressly enumerated in the list of felonies contained in subdivision (a) of Penal Code section 1170.18. The trial court erred in concluding otherwise.

3

Still, we agree with the People that the proper remedy is not a remand with instructions to the trial court to grant defendant's resentencing petition. The record before us does not show that defendant lacks a conviction or multiple convictions for a disqualifying felony or felonies. (Pen. Code, § 1170.18, subd. (i).) We therefore reverse the trial court's denial of defendant's petition for resentencing under Proposition 47, and remand for a new hearing on the petition.

<u>DISPOSITION</u>

The denial of defendant's petition for resentencing is reversed. The trial court is to conduct a new hearing on the petition in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>MILLER</u>
Acting P. J.

<u>SLOUGH</u>
J.

4